Daniel Srourian, Esq. (SBN 285678)
**SROURIAN LAW FIRM, P.C.**
468 N. Camden Dr., Suite 200
Beverly Hills, CA 90210
Telephone: (213) 474-3800
Fax: (213) 471-4160
Email: daniel@slfla.com

*Attorney for Plaintiff and*
*the Proposed Class*

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRADFORD BOSLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EP WEALTH ADVISORS, LLC,<br><br>21535 Hawthorne Boulevard Suite 400<br>Torrance, California 90503<br><br>Defendant. | **Case No.:** '26CV1579 JES DEB<br><br>**COMPLAINT – CLASS ACTION**<br><br>**FOR DAMAGES, INJUNCTIVE RELIEF, AND EQUITABLE RELIEF FOR:**<br><br>1. **NEGLIGENCE**<br>2. **NEGLIGENCE *PER SE***<br>3. **BREACH OF IMPLIED CONTRACT**<br>4. **UNJUST ENRICHMENT**<br>5. **BREACH OF CONFIDENCE**<br>6. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**<br>7. **VIOLATION OF THE CALIFORNIA CUSTOMER RECORDS ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Bradford Bosley ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, brings this Class Action Complaint against EP Wealth Advisors, LLC ("EP Wealth" or "Defendant"). Plaintiff alleges the following upon information and belief based on the investigation of counsel, except as to those allegations that specifically pertain to Plaintiff, which are alleged upon personal knowledge.

## INTRODUCTION

1. Plaintiff brings this class action lawsuit individually and on behalf of all persons who entrusted Defendant with sensitive Personally Identifiable Information ("PII" or "Private Information")[1] and who were impacted in a data breach (the "Data Breach" or the "Breach").

2. Plaintiff's claims arise from Defendant's failure to properly secure and safeguard Private Information that was entrusted to it, and its accompanying responsibility to store and transfer that information.

3. Defendant is a wealth management and investment advisory firm that specializes in financial planning, portfolio management, and comprehensive wealth advisory services for individuals and families across the United States. Defendant is a Delaware limited liability company having its headquarters in Torrance, California.[2]

4. Defendant had numerous statutory, regulatory, contractual, and common law duties and obligations, including those based on its affirmative representations to Plaintiff and Class Members, to keep their Private Information confidential, safe, secure, and protected from unauthorized disclosure or access.

5. On February 2, 2026, Defendant became aware of a security incident on its internal network involving compromised employee credentials.[3] Upon detection, Defendant launched an

---

[1] Personally identifiable information generally incorporates information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information. 2 C.F.R. § 200.79. At a minimum, it includes all information that on its face expressly identifies an individual.

[2] *About Us*, EP Wealth Advisors, LLC: https://www.epwealth.com/people-we-help (last visited March 12, 2026).

[3] *ROB BONTA*, Office of the Attorney General, California Department of Justice, EP Wealth Advisors, LLC: https://oag.ca.gov/ecrime/databreach/reports/sb24-619759 (last visited March 12, 2026).

investigation with the assistance of third-party cybersecurity experts to determine the nature and scope of the incident.[4]

6. The investigation determined that an unauthorized third party gained access to Defendant's network on February 2, 2026, and obtained copies of certain client data, including data stored in a system used to manage client relationships.[5]

7. Defendant then launched a comprehensive review of the impacted data to determine what information was compromised and to identify affected individuals. On March 4, 2026, Defendant identified individuals whose sensitive personal information was included in the impacted data.[6]

8. Upon information and belief, the following types of sensitive Private Information may have been compromised in the Data Breach: names, addresses, email addresses, dates of birth, Social Security numbers, Employer Identification numbers, and financial account numbers.[7]

9. On March 5, 2026, Defendant filed a notice with the New Hampshire Attorney General's Office,[8] and on March 6, 2026, filed notice with the California Attorney General's Office.[9] Defendant expected to complete the process of mailing notice letters to affected individuals from March 6, 2026, to March 10, 2026.[10]

10. Defendant failed to take precautions designed to keep individuals' Private Information secure.

11. Defendant owed Plaintiff and Class Members a duty to take all reasonable and necessary measures to keep the Private Information collected safe and secure from unauthorized

---

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Office of the Attorney General of New Hampshire*, EP Wealth Advisors, LLC: https://mm.nh.gov/files/uploads/doj/remote-docs/ep-wealth-20260305.pdf (last visited March 12, 2026)
[9] *ROB BONTA*, Office of the Attorney General, California Department of Justice, EP Wealth Advisors, LLC: https://oag.ca.gov/ecrime/databreach/reports/sb24-619759 (last visited March 12, 2026).
[10] *Id.*

access. Defendant solicited, collected, used, and derived a benefit from the Private Information, yet breached its duty by failing to implement or maintain adequate security practices.

12. Defendant admits that information in its system was accessed by unauthorized individuals, though it provided little information regarding how the Data Breach occurred.

13. The sensitive nature of the data exposed through the Data Breach signifies that Plaintiff and Class Members have suffered irreparable harm. Plaintiff and Class Members have lost the ability to control their Private Information and are subject to an increased risk of identity theft.

14. Defendant, despite having the financial wherewithal and personnel necessary to prevent the Data Breach, nevertheless failed to use reasonable security procedures and practice appropriate to the nature of the sensitive, unencrypted information it maintained for Plaintiff and Class Members, causing the exposure of Plaintiff's and Class Members' Private Information.

15. As a result of Defendant's inadequate digital security and notice process, Plaintiff's and Class Members' Private Information was exposed to criminals. Plaintiff and Class Members have suffered and will continue to suffer injuries, including financial losses caused by misuse of their Private Information; the loss or diminished value of their Private Information as a result of the Data Breach; lost time associated with detecting and preventing identity theft; and theft of personal and financial information.

16. Plaintiff brings this action on behalf of all persons whose Private Information was compromised as a result of Defendant's failure to: (i) adequately protect the Private Information of Plaintiff and Class Members; (ii) warn Plaintiff and Class Members of Defendant's inadequate information security practices; (iii) effectively secure hardware containing protected Private Information using reasonable and adequate security procedures free of vulnerabilities and incidents; and (iv) timely notify Plaintiff and Class Members of the Data Breach.

17. Plaintiff brings this action individually and on behalf of a Class of similarly situated

individuals against Defendant for: negligence; negligence *per se*; unjust enrichment; breach of implied contract; breach of confidence; violation of California Unfair Competition Law; and violation of California Consumer Records Act.

18. Plaintiff seeks to remedy these harms and prevent any future data compromise on behalf of himself and all similarly situated persons whose Private Information was compromised and stolen as a result of the Data Breach and who remain at risk due to Defendant's inadequate data security practices

## PARTIES

***Plaintiff***

19. Plaintiff Bradford Bosley is a natural person and citizen of Poway, California, where he intends to remain.

***Defendant***

20. Defendant is a wealth management and investment advisory firm that specializes in financial planning, portfolio management, and comprehensive wealth advisory services for individuals and families across the United States. Defendant is a Delaware limited liability company with headquarters in Torrance, California, and its principal place of business located at 21535 Hawthorne Boulevard, Suite 400, Torrance, California 90503.[11]

## JURISDICTION AND VENUE

21. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. The number of class members is more than 100, and at least one member of the Class defined below is a citizen of a different state that is diverse from Defendant's citizenship.[12] Thus, minimal

---

[11] *Contact Us*, EP Wealth Advisors, LLC: https://www.epwealth.com/contact-an-advisor (last visited March 12, 2026).

[12] *ROB BONTA*, Office of the Attorney General, California Department of Justice, EP Wealth Advisors, LLC: https://oag.ca.gov/ecrime/databreach/reports/sb24-619759 (last visited March 12, 2026).

diversity exists under 28 U.S.C. § 1332 (d)(2)(A).

22. This Court has personal jurisdiction over Defendant because Defendant is registered to do business and maintains its principal place of business in this District.

23. Venue is proper in this Court because Defendant's principal place of business is located in this District, and because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

### A. Background on Defendant

24. Defendant is a wealth management and investment advisory firm that specializes in financial planning, portfolio management, and comprehensive wealth advisory services for individuals and families across the United States. Defendant is headquartered in Torrance, California.[13]

25. Upon information and belief, Defendant made promises and representations to individuals, including Plaintiff and Class Members, that the Private Information collected from them would be kept safe and confidential, and that the privacy of that information would be maintained.[14]

26. Plaintiff and Class Members provided their Private Information to Defendant with the reasonable expectation and on the mutual understanding that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

27. As a result of collecting and storing the Private Information of Plaintiff and Class Members for its own financial benefit, Defendant had a continuous duty to adopt and employ reasonable measures to protect Plaintiff's and the Class Members' Private Information from disclosure to third parties.

---

[13] *About Us*, EP Wealth Advisors, LLC: https://www.epwealth.com/people-we-help (last visited March 12, 2026).
[14] *Privacy Policy,* EP Wealth Advisors, LLC: https://www.epwealth.com/privacy-policy (last visited March 12, 2026).

**B. The Data Breach**

28. On February 2, 2026, Defendant became aware of a security incident on its internal network involving compromised employee credentials.[15] Upon detection, Defendant launched an investigation with the assistance of third-party cybersecurity experts to determine the nature and scope of the incident.[16]

29. The investigation determined that an unauthorized third party gained access to Defendant's network on February 2, 2026, and obtained copies of certain client data, including data stored in a system used to manage client relationships.[17]

30. Defendant then launched a comprehensive review of the impacted data to determine what information was compromised and to identify affected individuals. On March 4, 2026, Defendant identified individuals whose sensitive personal information was included in the impacted data.[18]

31. Upon information and belief, the following types of sensitive personal information may have been compromised in the Data Breach: names, addresses, email addresses, dates of birth, Social Security numbers, Employer Identification numbers, and financial account numbers.[19]

32. On March 5, 2026, Defendant filed a notice with New Hampshire Attorney General's Office[20], and on March 6, 2026, filed notice with the California Attorney General's Office.[21] Defendant expected to complete the process of mailing notice letters to affected individuals from March 6, 2026, to March 10, 2026.[22]

---

[15] *ROB BONTA*, Office of the Attorney General, California Department of Justice, EP Wealth Advisors, LLC: https://oag.ca.gov/ecrime/databreach/reports/sb24-619759 (last visited March 12, 2026).
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Office of the Attorney General of New Hampshire*, EP Wealth Advisors, LLC: https://mm.nh.gov/files/uploads/doj/remote-docs/ep-wealth-20260305.pdf (last visited March 12, 2026)
[21] *ROB BONTA*, Office of the Attorney General, California Department of Justice, EP Wealth Advisors, LLC: https://oag.ca.gov/ecrime/databreach/reports/sb24-619759 (last visited March 12, 2026).
[22] *Id.*

33. Defendant failed to take precautions designed to keep individuals' Private Information secure.

34. While Defendant sought to minimize the damage caused by the Data Breach, it cannot and has not denied that there was unauthorized access to the sensitive Private Information of Plaintiff and Class Members.

35. Individuals affected by the Data Breach are, and remain, at risk that their data will be sold or listed on the dark web and, ultimately, illegally used in the future.

**C. Defendant's Failure to Prevent, Identify, and Timely Report the Data Breach**

36. Defendant admits that an unauthorized third party accessed its clients' data. Defendant failed to take adequate measures to protect its computer systems against unauthorized access.

37. The Private Information that Defendant allowed to be exposed in the Data Breach is the type of private information that Defendant knew or should have known would be the target of cyberattacks.

38. Despite its own knowledge of the inherent risks of cyberattacks, and notwithstanding the FTC's data security principles and practices,[23] Defendant failed to disclose that its systems and security practices were inadequate to reasonably safeguard individuals' Private Information.

39. The FTC directs businesses to use an intrusion detection system to expose a breach as soon as it occurs, monitor activity for attempted hacks, and have an immediate response plan if a breach occurs.[24] Immediate notification of a Data Breach is critical so that those impacted can take measures to protect themselves.

---

[23] *Protecting Personal Information: A Guide for Business,* FED. TRADE COMM'N (Oct. 2016), https://www.ftc.gov/business-guidance/resources/protecting-personal-information-guide-business. (last visited March 12, 2026).

[24] *Id.*

40. Here, Defendant waited a month after being made aware of the Data Breach to notify impacted individuals.

**D. The Harm Caused by the Data Breach Now and Going Forward**

41. Victims of data breaches are susceptible to becoming victims of identity theft. The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." 17 C.F.R. § 248.201(9). When "identity thieves have your personal information, they can drain your bank account, run up charges on your credit cards, open new utility accounts, or get medical treatment on your health insurance."[25]

42. The type of data that may have been accessed and compromised here can be used to perpetrate fraud and identity theft.

43. Plaintiff and Class Members face a substantial risk of identity theft given that their Private Information was compromised in the Data Breach.

44. Stolen Private Information is often trafficked on the "dark web," a heavily encrypted part of the Internet that is not accessible via traditional search engines. Law enforcement has difficulty policing the "dark web" due to this encryption, which allows users and criminals to conceal their identities and online activity.

45. When malicious actors infiltrate companies and copy and exfiltrate the Private Information that those companies store, the stolen information often ends up on the dark web where malicious actors buy and sell that information for profit.[26]

46. For example, when the U.S. Department of Justice announced their seizure of AlphaBay—the largest online "dark market"—in 2017, AlphaBay had more than 350,000 listings, many of which concerned stolen or fraudulent documents that could be used to assume another

---

[25] *Prevention and Preparedness*, NEW YORK STATE POLICE, https://troopers.ny.gov/prevention-and-preparedness (last visited March 12, 2026).

[26] *Shining a Light on the Dark Web with Identity Monitoring*, IDENTITYFORCE (Dec. 28, 2020), https://www.identityforce.com/blog/shining-light-dark-web-identity-monitoring (last visited July 17, 2025).

person's identity."[27] Marketplaces similar to the now-defunct AlphaBay continue to be "awash with [PII] belonging to victims from countries all over the world."[28]

47. PII remains of high value to criminals, as evidenced by the prices they will pay through the dark web. Numerous sources cite dark web pricing for stolen identity credentials. For example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200.[29] Criminals can also purchase access to entire company data breaches from $900 to $4,500.[30]

48. According to the FBI's Internet Crime Complaint Center (IC3) 2019 Internet Crime Report, Internet-enabled crimes reached their highest number of complaints and dollar losses in 2019, resulting in more than $3.5 billion in losses to individuals and business victims.[31]

49. Further, according to the same report, "rapid reporting can help law enforcement stop fraudulent transactions before a victim loses the money for good."[32] Defendant did not rapidly report to Plaintiff and Class Members that their Private Information had been stolen. Defendant notified impacted people one month after learning of the Data Breach.

50. As a result of the Data Breach, the Private Information of Plaintiff and Class Members has been exposed to criminals for misuse. The injuries suffered by Plaintiff and Class Members, or likely to be suffered as a direct result of Defendant's Data Breach, include: (a) theft of their Private Information; (b) costs associated with the detection and prevention of identity theft;

---

[27] *Stolen PII & Ramifications: Identity Theft and Fraud on the Dark Web*, ARMOR (April 3, 2018), https://res.armor.com/resources/blog/stolen-pii-ramifications-identity-theft-fraud-dark-web/ (last visited March 12, 2026).
[28] *Id.*
[29] *Id.*
[30] Bryan Naylor, *Victims of Social Security Number Theft Find It's Hard to Bounce Back*, NPR (Feb. 9, 2015), https://www.npr.org/2015/02/09/384875839/data-stolen-by-anthem-s-hackers-has-millions-worrying-about-identity-theft (last visited March 12, 2026, 2025).
[31] *2019 Internet Crime Report Released*, FBI (Feb. 11, 2020), https://www.fbi.gov/news/stories/2019-internet-crime-report-released-021120#:~:text=IC3%20received%20467%2C361%20complaints%20in,%2Ddelivery%20scams%2C%20and%20extortion (last visited March 12, 2026).
[32] *Id.*

(c) costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the consequences of this Breach; (d) invasion of privacy; (e) the emotional distress, stress, nuisance, and annoyance of responding to, and resulting from, the Data Breach; (f) the actual and/or imminent injury arising from actual and/or potential fraud and identity theft resulting from their personal data being placed in the hands of the ill-intentioned hackers and/or criminals; (g) damage to and diminution in value of their personal data entrusted to Defendant with the mutual understanding that Defendant would safeguard their Private Information against theft and not allow access to and misuse of their personal data by any unauthorized third party; and (h) the continued risk to their Private Information, which remains in the possession of Defendant, and which is subject to further injurious breaches so long as Defendant fails to undertake appropriate and adequate measures to protect Plaintiff's and Class Members' Private Information.

51. In addition to a remedy for economic harm, Plaintiff and Class Members maintain an interest in ensuring that their Private Information is secure, remains secure, and is not subject to further misappropriation and theft.

52. Defendant disregarded the rights of Plaintiff and Class Members by (a) intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure that its network servers were protected against unauthorized intrusions; (b) failing to disclose that it did not have adequately robust security protocols and training practices in place to safeguard Plaintiff's and Class Members' Private Information; (c) failing to take standard and reasonably available steps to prevent the Data Breach; (d) concealing the existence and extent of the Data Breach for an unreasonable duration of time; and (e) failing to provide Plaintiff and Class Members prompt and accurate notice of the Data Breach.

53. The actual and adverse effects to Plaintiff and Class Members, including the imminent, immediate, and continuing increased risk of harm for identity theft and identity fraud

directly or proximately caused by Defendant's wrongful actions and/or inaction and the resulting Data Breach require Plaintiff and Class Members to take affirmative acts to recover their peace of mind and personal security including, without limitation, purchasing credit reporting services, purchasing credit monitoring and/or internet monitoring services, frequently obtaining, purchasing and reviewing credit reports, bank statements, and other similar information, instituting and/or removing credit freezes and/or closing or modifying financial accounts, for which there is a financial and temporal cost. Plaintiff and other Class Members have suffered, and will continue to suffer, such damages for the foreseeable future.

***Plaintiff Bradford Bosley's Experience***

54. Plaintiff Bosley is a client of Defendant. As a condition of receiving services from Defendant, Plaintiff Bosley was required to supply Defendant with his Private Information.

55. Defendant was in possession of Plaintiff Bosley's Private Information before, during, and after the Data Breach.

56. On February 6, 2026, Plaintiff Bosley received notice via email informing him that his information may have been exposed in the Data Breach.

57. Plaintiff Bosley reasonably understood and expected that Defendant would safeguard his Private Information and timely and adequately notify him in the event of a Data Breach. Plaintiff Bosley would not have allowed Defendant, or anyone in Defendant's position, to maintain his Private Information if he believed that Defendant would fail to implement reasonable and industry-standard practices to safeguard that information from unauthorized access.

58. Plaintiff Bosley greatly values his privacy and Private Information and takes reasonable steps to maintain the confidentiality of his Private Information. Plaintiff Bosley is very concerned about identity theft and fraud, as well as the consequences of such identity theft and fraud resulting from the Data Breach.

59. Plaintiff Bosley stores any and all documents containing Private Information in a

secure location and destroys any documents he receives in the mail that contain any Private Information or that may contain any information that could otherwise be used to compromise his identity and credit card accounts. Moreover, he diligently chooses unique usernames and passwords for his various online accounts.

60. As a result of the Data Breach, Plaintiff Bosley has spent several hours researching the Data Breach, reviewing his bank accounts, monitoring his credit report, and other necessary mitigation efforts. This is valuable time that Plaintiff Bosley spent at Defendant's direction and that he otherwise would have spent on other activities, including but not limited to work and/or recreation.

61. As a consequence of and following the Data Breach, Plaintiff Bosley has experienced a significant uptick in spam emails.

62. The Data Breach has caused Plaintiff Bosley to suffer stress and anxiety, which has been compounded by Defendant's delay in noticing his of the fact that his private information was acquired by criminals as a result of the Data Breach.

63. Plaintiff Bosley anticipates spending considerable time and money on an ongoing basis to try to mitigate and address harm caused by the Data Breach. In addition, Plaintiff Bosley will continue to be at present and continue increased risk of identity theft and fraud for years to come.

64. Plaintiff Bosley has a continuing interest in ensuring that his Private Information, which, upon information and belief, remains in Defendant's possession, is protected and safeguarded from future breaches.

65. As a direct and traceable result of the Data Breach, Plaintiff Bosley suffered actual injury and damages after his Private Information was compromised and stolen in the Data Breach, including, but not limited to:

a. lost time and money related to monitoring his accounts and credit reports for fraudulent activity;

b. loss of privacy due to his Private Information being accessed and stolen by cybercriminals;

c. loss of the benefit of the bargain because Defendant did not adequately protect his Private Information;

d. emotional distress because identity thieves now possess his first and last name paired with other sensitive information;

e. imminent and impending injury arising from the increased risk of fraud and identity theft now that his Private Information has been stolen and likely published on the dark web;

f. diminution in the value of his Private Information, a form of intangible property that Defendant obtained from Plaintiff Bosley; and

g. other economic and non-economic harm.

## CLASS ALLEGATIONS

66. Plaintiff brings this class action, individually and on behalf of the following Class:

All persons in the United States whose Private Information was compromised by the Data Breach publicly announced by Defendant (the "Class").

67. Plaintiff brings this action individually and on behalf of the following California subclass:

All persons in the state of California whose Private Information was compromised by the Data Breach publicly announced by Defendant (the "California Subclass").

68. Specifically excluded from the Class and Subclass are Defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, principals, servants, partners, joint venturers, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or its officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

69. Plaintiff reserves the right to amend the Class definitions above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

70. This action may be certified as a class action because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

71. <u>Numerosity</u>: The Class is so numerous that joinder of all Class Members is impracticable. Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendant, upon information and belief, Plaintiff estimates that the Class is comprised of hundreds of thousands of Class Members, if not more. The Class is sufficiently numerous to warrant certification.

72. <u>Typicality of Claims</u>: Plaintiff's claims are typical of those of other Class Members because Plaintiff, like the unnamed Class, had his Private Information compromised as a result of the Data Breach. Plaintiff is a member of the Class, and his claims are typical of the claims of the members of the Class. The harm suffered by Plaintiff is similar to that suffered by all other Class Members which was caused by the same misconduct by Defendant.

73. <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests antagonistic to, nor in conflict with, the Class. Plaintiff has retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

74. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class Members are relatively small, the expense and burden of individual litigation make it impossible for individual Class Members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Defendant will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for its wrongdoing as asserted herein.

75. <u>Predominant Common Questions</u>: The claims of all Class Members present common questions of law or fact, which predominate over any questions affecting only individual

Class Members, including:

a. Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

b. Whether Defendant's data security systems prior to and during the Data Breach complied with applicable data security laws and regulations;

c. Whether Defendant's storage of Plaintiff's and Class Member's Private Information was done in a negligent manner;

d. Whether Defendant had a duty to protect and safeguard Plaintiff's and Class Members' Private Information;

e. Whether Defendant's conduct was negligent;

f. Whether Defendant's conduct violated Plaintiff's and Class Members' privacy;

g. Whether Defendant took sufficient steps to secure individuals' Private Information;

h. Whether Defendant was unjustly enriched; and

i. The nature of relief, including damages and equitable relief, to which Plaintiff and Class Members are entitled.

76. Information concerning Defendant's policies is available from Defendant's records.

77. Plaintiff is not aware of any issues that would hinder managing this litigation as a class action.

78. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Defendant. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

79. Given that Defendant had not indicated any changes to its conduct or security measures, monetary damages are insufficient, and there is no complete and adequate remedy at law.

**CAUSES OF ACTION**

**COUNT I**

**NEGLIGENCE**
**(On Behalf of Plaintiff and the Class)**

80. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

81. Plaintiff brings this claim individually and on behalf of the Class Members.

82. Defendant knowingly collected, came into possession of, and maintained Plaintiff's and Class Members' Private Information, and had a duty to exercise reasonable care in safeguarding, securing, and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

83. Defendant had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's and Class Members' Private Information.

84. Defendant had, and continues to have, a duty to timely disclose that Plaintiff's and Class Members' Private Information within its possession was compromised and precisely the types of information that were compromised.

85. Defendant owed a duty of care to Plaintiff and Class Members to provide data security consistent with industry standards, applicable standards of care from statutory authority like Section 5 of the FTC Act, and other requirements discussed herein, and to ensure that its systems and networks, and the personnel responsible for them, adequately protected individuals' Private Information.

86. Defendant's duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendant and its clients. Defendant was in a position to ensure that its systems were sufficient to protect against the foreseeable risk of harm to Plaintiff and Class Members from a Data Breach.

87. Defendant's duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described above, but also because Defendant is bound by industry standards to protect confidential Private Information.

88. Defendant breached these duties by failing to exercise reasonable care in safeguarding and protecting Plaintiff's and Class Members' Private Information.

89. The specific negligent acts and omissions committed by Defendant include, but are not limited to, the following:

a. Failing to adopt, implement, and maintain adequate security measures to safeguard Plaintiff's and Class Members' Private Information;

b. Failing to adequately monitor the security of its networks and systems; and

c. Failing to periodically ensure that its computer systems and networks had plans in place to maintain reasonable data security safeguards.

90. Defendant, through its actions and/or omissions, unlawfully breached its duties to Plaintiff and Class Members by failing to exercise reasonable care in protecting and safeguarding Plaintiff's and Class Members' Private Information within Defendant's possession.

91. Defendant, through its actions and/or omissions, unlawfully breached its duties to Plaintiff and Class Members by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's and Class Members' Private Information.

92. Defendant, through its actions and/or omissions, unlawfully breached its duty to timely disclose to Plaintiff and Class Members that the Private Information within Defendant's possession might have been compromised and precisely the type of information compromised.

93. Defendant breached the duties set forth in 15 U.S.C. § 45, the FTC guidelines, the National Institute of Standards and Technology's Framework for Improving Critical Infrastructure Cybersecurity, and other industry guidelines. In violation of 15 U.S.C. § 45, Defendant failed to implement proper data security procedures to adequately and reasonably protect Plaintiff's and Class Members' Private Information. In violation of the FTC guidelines, *inter alia*, Defendant did not protect the Private Information it keeps; failed to properly dispose of personal information that

was no longer needed; failed to encrypt information stored on computer networks; lacked the requisite understanding of its networks' vulnerabilities; and failed to implement policies to correct security issues.

94. It was foreseeable that Defendant's failure to use reasonable measures to protect Plaintiff's and Class Members' Private Information would result in injury to Plaintiff and Class Members. Further, the breach of security was reasonably foreseeable given the known high frequency of cyberattacks and Data Breaches.

95. It was foreseeable that the failure to adequately safeguard Plaintiff's and Class Members' Private Information would result in injuries to Plaintiff and Class Members.

96. Defendant's breach of duties owed to Plaintiff and Class Members caused Plaintiff's and Class Members' Private Information to be compromised.

97. But for Defendant's negligent conduct and breach of the above-described duties owed to Plaintiff and Class Members, their Private Information would not have been compromised.

98. As a result of Defendant's failure to timely notify Plaintiff and Class Members that their Private Information had been compromised, Plaintiff and Class Members are unable to take the necessary precautions to mitigate damages by preventing future fraud. As a result of Defendant's negligence and breach of duties, Plaintiff and Class Members are in danger of imminent harm in that their Private Information, which is still in the possession of third parties, will be used for fraudulent purposes, and Plaintiff and Class Members have and will suffer damages including: a substantial increase in the likelihood of identity theft; the compromise, publication, and theft of their personal information; loss of time and costs associated with the prevention, detection, and recovery from unauthorized use of their personal information; the continued risk to their personal information; future costs in terms of time, effort, and money that will be required to prevent, detect, and repair the impact of the personal information compromised as a result of the Data Breach; and overpayment for the services or products that were received

without adequate data security.

**COUNT II**
**NEGLIGENCE *PER SE***
**(On Behalf of Plaintiff and the Class)**

99. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

100. Section 5 of the FTC Act, 15 U.S.C. 45, prohibits "unfair . . . practices in or affecting commerce" including, as interpreted and enforced by the FTC, the unfair act or practice by Defendant of failing to use reasonable measures to protect Plaintiff's and Class Members' Private Information. Various FTC publications and orders also form the basis of Defendant's duty.

101. Defendant violated Section 5 of the FTC Act (and similar state statutes) by failing to use reasonable measures to protect Plaintiff's and Class Members' Private Information and by failing to comply with industry standards.

102. Defendant's conduct was particularly unreasonable given the nature and amount of Private Information obtained and stored and the foreseeable consequences of a Data Breach on Defendant's systems.

103. Class Members are consumers within the class of persons Section 5 of the FTC Act (and similar state statutes) were intended to protect.

104. Moreover, the harm that has occurred is the type of harm the FTC Act (and similar state statutes) were intended to guard against. Indeed, the FTC has pursued over fifty enforcement actions against businesses which, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm suffered by Plaintiff and Class Members.

105. As a result of Defendant's negligence *per se*, Plaintiff and Class Members have been harmed and have suffered damages including, but not limited to: damages arising from identity theft and fraud; out-of-pocket expenses associated with procuring identity protection and

restoration services; increased risk of future identity theft and fraud, and the costs associated therewith; and time spent monitoring, addressing, and correcting the current and future consequences of the Data Breach.

**COUNT III**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Class)**

106. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

107. Plaintiff and Class Members conferred a benefit upon Defendant by providing Defendant with their Private Information.

108. Defendant appreciated or had knowledge of the benefits conferred upon itself by Plaintiff. Defendant also benefited from the receipt of Plaintiff's and Class Members' Private Information.

109. Under principles of equity and good conscience, Defendant should not be permitted to retain the full value of Plaintiff's and the Class Members' Private Information because Defendant failed to adequately protect their Private Information. Plaintiff and the proposed Class would not have provided their Private Information to Defendant had they known Defendant would not adequately protect their Private Information.

110. Defendant should be compelled to disgorge into a common fund for the benefit of Plaintiff and Class Members all unlawful or inequitable proceeds received by it because of its misconduct and the Data Breach it caused.

**COUNT IV**
**BREACH OF IMPLIED CONTRACT**
**(On Behalf of Plaintiff and the Class)**

111. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

112. Plaintiff and the Class provided and entrusted their Private Information to Defendant. Plaintiff and the Class provided their Private Information to Defendant as part of Defendant's regular business practices.

113. In so doing, Plaintiff and Class Members entered into implied contracts with Defendant by which Defendant agreed to safeguard and protect such information, to keep such information secure and confidential, and to timely and accurately notify Plaintiff and Class Members if their data had been breached and compromised or stolen, in return for the business services provided by Defendant. Implied in these exchanges was a promise by Defendant to ensure that the Private Information of Plaintiff and Class Members in its possession was secure.

114. Pursuant to these implied contracts, Plaintiff and Class Members provided Defendant with their Private Information. In exchange, Defendant agreed to, among other things, and Plaintiff and Class Members understood that Defendant would: (1) provide services to Plaintiff and Class Members; (2) take reasonable measures to protect the security and confidentiality of Plaintiff's and Class Members' Private Information; and (3) protect Plaintiff's and Class Members' Private Information in compliance with federal and state laws and regulations and industry standards.

115. Implied in these exchanges was a promise by Defendant to ensure the Private Information of Plaintiff and Class Members in its possession was only used to provide the agreed-upon reasons, and that Defendant would take adequate measures to protect Plaintiff's and Class Members' Private Information.

116. A material term of this contract is a covenant by Defendant that it would take reasonable efforts to safeguard that information. Defendant breached this covenant by allowing Plaintiff's and Class Members' Private Information to be accessed in the Data Breach.

117. Indeed, implicit in the agreement between Defendant and Plaintiff and Class Members was the obligation that both parties would maintain information confidentially and securely.

118. These exchanges constituted an agreement and meeting of the minds between the parties.

119. When the parties entered into an agreement, mutual assent occurred. Plaintiff and Class Members would not have disclosed their Private Information to Defendant but for the prospect of utilizing Defendant's services and/or for purposes of employment. Conversely, Defendant presumably would not have taken Plaintiff's and Class Members' Private Information if it did not intend to provide Plaintiff and Class Members with its services and/or employment.

120. Defendant was therefore required to reasonably safeguard and protect the Private Information of Plaintiff and Class Members from unauthorized disclosure and use.

121. Plaintiff and Class Members would not have entrusted their Private Information to Defendant in the absence of their implied contracts with Defendant and would have instead retained the opportunity to control their Private Information.

122. Defendant breached the implied contracts with Plaintiff and Class Members by failing to reasonably safeguard and protect Plaintiff's and Class Members' Private Information.

123. Defendant's failure to implement adequate measures to protect the Private Information of Plaintiff and Class Members violated the purpose of the agreement between the parties.

124. As a proximate and direct result of Defendant's breaches of its implied contracts with Plaintiff and Class Members, Plaintiff and the Class Members suffered damages as described in detail above.

## COUNT V
## BREACH OF CONFIDENCE
## (On Behalf of Plaintiff and the Class)

125. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

126. At all times during Plaintiff's and Class Members' interactions with Defendant, Defendant was fully aware of the confidential and sensitive nature of Plaintiff's and Class Members' Private Information that Plaintiff and Class Members entrusted to Defendant.

127. As alleged herein and above, Defendant's relationship with Plaintiff and the Class was governed by terms and expectations that Plaintiff's and the Class Members' Private Information would be collected, stored, and protected in confidence, and would not be disclosed to unauthorized third parties.

128. Plaintiff and the Class entrusted Defendant with their Private Information with the explicit and implicit understandings that Defendant would protect and not permit the Private Information to be disseminated to any unauthorized third parties.

129. Plaintiff and the Class also entrusted Defendant with their Private Information with the explicit and implicit understandings that Defendant would take precautions to protect that Private Information from unauthorized disclosure.

130. Defendant voluntarily received Plaintiff's and Class Members' Private Information in confidence with the understanding that their Private Information would not be disclosed or disseminated to the public or any unauthorized third parties.

131. As a result of Defendant's failure to prevent and avoid the Data Breach from occurring, Plaintiff's and Class Members' Private Information was disclosed and misappropriated to unauthorized third parties beyond Plaintiff's and Class Members' confidence, and without their express permission.

132. As a direct and proximate cause of Defendant's actions and omissions, Plaintiff and

the Class have suffered damages.

133. But for Defendant's disclosure of Plaintiff's and Class Members' Private Information in violation of the parties' understanding of confidence, their Private Information would not have been compromised, stolen, viewed, accessed, and used by unauthorized third parties. Defendant's Data Breach was the direct and legal cause of the theft of Plaintiff's and Class Members' Private Information as well as the resulting damages.

134. The injury and harm Plaintiff and the Class suffered was the reasonably foreseeable result of Defendant's unauthorized disclosure of Plaintiff's and Class Members' Private Information. Defendant knew or should have known its methods of accepting and securing Plaintiff's and Class Members' Private Information was inadequate as it relates to, at the very least, securing servers and other equipment containing Plaintiff's and Class Members' Private Information.

135. As a direct and proximate result of Defendant's breach of its confidence with Plaintiff and the Class, Plaintiff and the Class have suffered and will suffer injury, including but not limited to: (i) identity theft; (ii) the loss of the opportunity how their Private Information is used; (iii) the compromise, publication, and/or theft of their Private Information; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their Private Information; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual present and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from tax fraud and identity theft; (vi) costs associated with placing freezes on credit reports; (vii) the continued risk to their Private Information, which remain in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the Private Information of individuals; and (viii) present and future costs in terms of time, effort,

and money that will be expended to prevent, detect, contest, and repair the impact of the Private Information compromised as a result of the Data Breach for the remainder of the lives of Plaintiff and Class Members.

136. As a direct and proximate result of Defendant's breaches of confidence, Plaintiff and the Class Members have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

**COUNT VI**
**CALIFORNIA UNFAIR COMPETITION LAW**
**Cal. Bus. & Prof. Code §§ 17200, et seq.**
**(On Behalf of Plaintiff and the California Subclass)**

137. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

138. Defendant is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

139. Defendant violated Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL") by engaging in unlawful, unfair, and deceptive business acts and practices.

140. Defendant failed to implement and maintain reasonable security measures to protect Plaintiff's and Subclass Members' Private Information from unauthorized disclosure, release, data breaches, and theft, which was a direct and proximate cause of the Data Breach;

141. Defendant failed to identify foreseeable security risks, remediate identified security risks, and sufficiently improve security following previous cybersecurity incidents, as described herein. This conduct, with little if any utility, is unfair when weighed against the harm to Plaintiff and Subclass Members, whose Private Information has been compromised;

142. Defendant's failure to implement and maintain reasonable security measures also was contrary to legislatively declared public policy that seeks to protect consumers' data and ensure that entities that are trusted with it use appropriate security measures. These policies are reflected in laws, including the FTC Act, 15 U.S.C. § 45, California's Consumer Records Act, Cal. Civ. Code § 1798.81.5, and California's Consumer Privacy Act, Cal. Civ. Code § 1798.100;

143. Defendant failure to implement and maintain reasonable security measures also resulted in substantial consumer injuries, as described above, that are not outweighed by any countervailing benefits to consumers or competition. Moreover, because consumers could not have known of Defendant's inadequate security, consumers could not have reasonably avoided the harms that Defendant caused.

144. Defendant engaged in unlawful business practices by violating Cal. Civ. Code § 1798.82.

145. Defendant has engaged in "unlawful" business practices by violating multiple laws, including California's Consumer Records Act, Cal. Civ. Code §§ 1798.81.5 (requiring reasonable data security measures) and 1798.82 (requiring timely breach notification), the FTC Act, 15 U.S.C. § 45, and California common law.

146. Defendant's unlawful, unfair, and deceptive acts and practices include:

a. Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff and Class Member Private Information, which was a direct and proximate cause of the Data Breach;

b. Failing to identify and remediate foreseeable security and privacy risks and sufficiently improve security and privacy measures despite knowing the risk of cybersecurity incidents, which was a direct and proximate cause of the Data Breach;

c. Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Class Members Private Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Data Breach;

d. Misrepresenting that it would protect the privacy and confidentiality of Plaintiff's and Class Members' Private Information, including by implementing and maintaining reasonable security measures;

e. Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Class Members' Private Information including duties imposed by the FTC Act, 15 U.S.C. § 45; and

f. Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Class Members Private Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, California's Consumer Privacy Act, Cal. Civ. Code § 1798.100, California's Consumer Records Act, Cal. Civ. Code § 1798.80, et seq., and § 1798.81.5, which was a direct and proximate cause of the Data Breach.

147. Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of individuals' Private Information.

148. As a direct and proximate result of Defendant's unfair, unlawful, and fraudulent acts and practices, Plaintiff and Class Members were injured and suffered monetary and non-monetary damages, as described herein, including but not limited to fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; loss of value of their Private Information; overpayment for Defendant's services; loss of the value of access to their Private Information; and the value of identity protection services made necessary by the Data Breach.

149. Plaintiff and Class Members seek all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from Defendant's unfair and unlawful business practices or use of their Private Information; declaratory relief; reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5; injunctive relief; and other appropriate equitable relief.

**COUNT VII**
**CALIFORNIA CONSUMER RECORDS ACT**
**Cal. Civ. Code §§ 1798.80, et seq.**
**(On Behalf of Plaintiff and the California Subclass)**

150. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

151. "[T]o ensure that personal information about California residents is protected," the California legislature enacted Cal. Civ. Code § 1798.81.5, which requires that any business that "owns, licenses, or maintains personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information [PII] from unauthorized access, destruction, use, modification, or disclosure."

152. Defendant is a business that owns, maintains, and licenses PII, within the meaning of Cal. Civ. Code §§ 1798.80(a) and 1798.81.5(b), about Plaintiff and Class Members.

153. Businesses that own or license computerized data that includes PII are required to notify California residents when their PII has been acquired (or is reasonably believed to have been acquired) by unauthorized persons in a data security breach "in the most expedient time possible and without unreasonable delay." Cal. Civ. Code § 1798.82. Among other requirements, the security breach notification must include "the types of personal information [PII] that were or are reasonably believed to have been the subject of the breach." Cal. Civ. Code § 1798.82.

154. Defendant is a business that owns or licenses computerized data that includes "personal information" [PII] as defined by Cal. Civ. Code § 1798.80.

155. Plaintiff's and Class Members' PII includes "personal information" as covered by Cal. Civ. Code § 1798.82.

156. Because Defendant reasonably believed that Plaintiff's and Class Members' PII was acquired by unauthorized persons during the Data Breach, Defendant had an obligation to disclose the Data Breach in a timely and accurate fashion as mandated by Cal. Civ. Code § 1798.82.

157. Defendant failed to fully disclose material information about the Data Breach in a timely manner.

158. By failing to disclose the Data Breach in a timely manner, Defendant violated Cal. Civ. Code § 1798.82.

159. As a direct and proximate result of Defendant's violations of the Cal. Civ. Code §§ 1798.81.5 and 1798.82, Plaintiff and Class Members suffered damages, as described above.

160. Plaintiff and the Class Members seek relief under Cal. Civ. Code § 1798.84, including actual damages and injunctive relief.

161. Plaintiff and the Class Members were injured and have suffered damages, as described above, from Defendant's illegal and unauthorized disclosure and negligent release of their Private Information in violation of Cal. Civ. Code §§56.10 and 56.101, and therefore seek relief under Civ. Code §§ 56.35 and 56.36, which allows for actual damages, nominal statutory damages of $1,000, punitive damages of $3,000, injunctive relief, and attorneys' fees, expenses and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order determining that this action is properly brought as a class action and certifying Plaintiff as the representative of the Class and his counsel as Class Counsel;

(b) For an order declaring that Defendant's conduct violates the laws referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d) For damages in amounts to be determined by the Court and/or jury;

(e) For an award of statutory damages or penalties to the extent available;

(f) For pre-judgment interest on all amounts awarded;

(g) For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

(h) For an order of restitution and all other forms of monetary relief; and

(i) Such other and further relief as the Court deems necessary and appropriate.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury of all claims in this Class Action Complaint so triable.

Dated: March 12, 2026

By: */s/ Daniel Srourian*
Daniel Srourian, Esq. (SBN 285678)
**SROURIAN LAW FIRM, P.C.**
468 N. Camden Dr., Suite 200
Beverly Hills, CA 90210
Telephone: (213) 474-3800
Fax: (213) 471-4160
Email: daniel@slfla.com

Mark S. Reich*
Tyler A. Litke*
Melissa G. Meyer*
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
Email: tlitke@zlk.com
Email: mmeyer@zlk.com

*Attorneys for Plaintiff and the Proposed Class*

**pro hac vice* forthcoming